# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARRON FREDERICK LEMON, | * |
| Plaintiff, | * |
| v | * Civil Action No. JFM-15-3164 |
| THE CIRCUIT COURT FOR HOWARD COUNTY, c/o Lenore R. Gelfman d/b/a Administrative Judge, MARYLAND OFFICE OF ATTORNEY GENERAL, c/o Brian E. Frosh, d/b/a/ Attorney General | * |
| Defendants. | * |

## MEMORANDUM

On October 19, 2015, Arron Frederick Lemon filed this complaint against the Circuit Court for Howard County and Maryland Office of the Attorney General and submitted the civil filing fee. The gravamen of this rambling and sometimes incoherent complaint[1] is Lemon's disagreement with state court custody rulings concerning his minor child.[2] As relief, he asks for an order to depose certain persons, for this court to facilitate settlement and expedite disposition of the [state] action, and for all further remedies deemed in the interest of justice. (ECF, p. 12). For reasons to follow, the court will dismiss the complaint for lack of jurisdiction.

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in

---

[1] Lemon's inclusion of terms used in creditors' rights proceedings is irrelevant to the matters presented here.

[2] This is the second case Lemon has filed in this district based on the custody issue. *See Lemon v. Circuit Court for Howard County, et al.*, Civil Action No. ELH-15-2842 (D. Md.). In that case Lemon's contended a member of the Circuit Court for Howard County kidnapped his child. A member of this bench found the claim nonsensical and his vague references to the Hague Convention unavailing. Lemon's attempt to bring the instant matter pursuant to the Hague Convention on the Civil Aspects of International Child Abduction is repetitive and frivolous.

controversy exceeds $ 75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Lemon brings this case pursuant to 28 U.S.C.A. § 1746 and Title 5 §5-204(b)(2) of the Family Code Article of the Maryland Code. (ECF 1). Section 1746 of the United States Code addresses unsworn declarations under penalty of perjury. It does not provide a substantive statutory basis to confer federal question jurisdiction in this case. Lemon may not premise a federal proceeding solely on the alleged violation of a Maryland state law presented here, and there are no facts to support diversity of the parties' citizenship jurisdiction. Accordingly, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) (providing the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction.").

Further, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't Code Ann., §12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. There can be no doubt that, having been "vested" with the "judicial power" of the State of Maryland, the Circuit Court of Howard County is an "arm" of the state. *See* Md. Const. Art 4, §§ 1, 14, 18; Md. Code Ann., Cts. & Jud. Proc. § 1-301; *Fishback v. Maryland*, No. JFM–12–927,

2012 WL 1145034, at *2 (D.Md. Apr. 4, 2012) (dismissing, on Eleventh Amendment grounds, the plaintiff's complaint against the Circuit Court for Baltimore City). So too is the Office of the Attorney General an arm of the state. *See* Md. Code Ann., State Government § 6–106; *Dukes v. State of Maryland, et al.*, (D. Md. September 27, 2011) (dismissing claims against the Office of the Attorney General of Maryland as barred under the Eleventh Amendment). Thus, Lemon's claims against the office of the Attorney General is barred by the Eleventh Amendment.

To the extent Lemon is attempting to appeal state court rulings, domestic relations cases, including child custody matters, are generally not heard in federal court because "[s]tate courts …have the experience to deal with this specific area of the law." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)). Lemon's claims involve issues of family law litigated in state court and traditionally reserved to the state court systems, and federal courts generally abstain from hearing such matters. If Lemon is dissatisfied with the outcome of child custody proceedings, he may seek redress in the appropriate state court.

Accordingly, the Court will dismiss this case for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). A separate order reflecting this memorandum follows.

11/24/15
Date

J. Frederick Motz
United States District Judge

DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2015 NOV 12 PM 3:39
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED